# Valli Kane & Vagnini

### Employee Rights Attorneys

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

August 2, 2019

**Via ECF and Email**
Honorable Katherine Polk Failla
United State States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

  Re:  **Burke v. HBO – 18-cv-10875**

Dear Judge Failla:

  This office represents plaintiff Gregory Burke and fifteen other plaintiffs[1] ("**Plaintiffs**") in the above-referenced matter. The action was filed on behalf of Plaintiffs, and those similarly situated, as a putative collection asserting a single cause of action under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq*. The parties have reached a settlement that Plaintiffs deem to be fair and reasonable, as set forth more fully below. Because the complaint in this matter ("**Complaint**," ECF Dkt No. 1) asserts FLSA claims, we write to request that Your Honor review and approve the parties' proposed settlement agreement and release (the "**Proposed Settlement Agreement**," attached hereto as Exhibit A), and "so-order" the parties' Stipulation of Dismissal (attached hereto as Exhibit B).

**Background**

  Plaintiffs in this action are Parking Production Assistants ("**PPAs**") who were responsible for securing parking spaces for the many vehicles and trailers used during the filming of movies and television series. Throughout 2015, Plaintiffs' counsel filed a number of FLSA collective action lawsuits (the "**PPA Lawsuits**") in the Southern District of New York against companies that produced movies and television series shot "on location" throughout the New York Metropolitan area. The PPA Lawsuits alleged violations of the FLSA, alleging the failure to pay

---

[1] In addition to Mr. Burke, this action was filed on behalf of the following named plaintiffs: Tony Cruz; Aaron Fernandez; Joseph Gilbert; Rashford Grant; Winston Hamilton; Alphonso Hart; Manuel Henriquez; Christopher Lamar; Oliver Martinez; Leamon Mincey; Luis Sanata Perez; Eliezer Ruiz; Rex Salmon; Ray Seebaran; and Rufus Thomas. However, Plaintiffs' Counsel have been informed that Tony Cruz is now deceased and are working to determine whether a motion for substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure will be filed. Additionally, Manuel Henriquez has been unresponsive to multiple communications from Plaintiffs' Counsel's and therefore Plaintiffs' Counsel shall file a motion to withdraw as Mr. Henriquez's counsel in this matter. Therefore, as set forth in the amendment to the settlement agreement, neither Mr. Cruz nor Mr. Henriquez are party to the settlement and their claims are not being dismissed pursuant to the settlement agreement.

Hon. Katherine Polk Failla, U.S.D.J.
June 6, 2019
Page 2

PPAs statutorily required minimum wages and overtime, and asserted comparable violations of New York State's wage and hour laws.

One of the PPA Lawsuits was filed against Home Box Office, Inc. ("**HBO**"), the Defendant in the instant action, and was initially styled as *Fermin et al. v. Home Box Office, Inc. et al*, S.D.N.Y. Case No. 15-cv-07941 (AT). That case was subsequently re-captioned as *Fermin et al. v. Broken Records, LLC and Half A Yogurt LLC et al. ("Fermin"),* after HBO advised plaintiffs' counsel that it was not a production company and the plaintiffs therein voluntarily dismissed HBO from that action and substituted into the case two production company defendants. The parties in *Fermin* successfully mediated their dispute after extensive discovery and submitted a proposed settlement agreement which was subsequently approved by the *Fermin* court pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207-07 (2d Cir. 2015). A copy of the Order approving the *Fermin* settlement is attached hereto as Exhibit C.

As is typical of many FLSA settlements, the *Fermin* settlement included a claims procedure pursuant to which claimants were required to submit timely claim forms to the claims administrator. The plaintiffs in the instant action filed claim forms in the *Fermin* case, but their claims were presented after the deadline for submissions, and they were thus "late filers" with respect to the *Fermin* settlement. The claims administrator thus denied their claims pursuant to the terms of the *Fermin* settlement agreement.

Plaintiffs filed the instant litigation because, although they were not permitted to obtain settlement consideration pursuant to the *Fermin* settlement (due to their untimely claim submissions), it is Plaintiffs' position that their wage and hour claims are still timely under the FLSA's statute of limitations period.

**The Settlement Is Fair and Reasonable**

Defendant has, throughout both the *Fermin* case and the instant litigation, consistently denied that Plaintiffs are owed any wages whatsoever (and, in fact, Defendant has asserted that certain of the Plaintiffs may have actually received more premium overtime pay than is required under the FLSA), and further denied that it has committed any other unlawful act. There is also a *bona fide* dispute as to the hours worked by the Plaintiffs. It is Defendant's position that Plaintiffs' wage and hour claims are untimely under the FLSA's statute of limitations period. Moreover, HBO has consistently taken the position that it did not employ any of the Plaintiffs.

After an extensive negotiation process, the parties ultimately reached an agreement in principle and subsequently reduced it to writing in the form of the Proposed Settlement Agreement. Specifically, Defendant has agreed, solely to resolve this matter without further burden and expense, to pay Plaintiffs an amount equal to ***one-hundred percent (100%) of Plaintiffs' alleged unpaid overtime***.

Courts routinely have approved settlements that resulted in similar recoveries for the plaintiffs. *See, e.g.*, *Elliot v. Allstate Investigations, Inc.,* 2008 WL 728648, *2 (S.D.N.Y. Mar. 19, 2008) (Cote, D.J.) ); *see also Misiewicz v. D'Onofrio General Contractors Corp.,* 2010 WL

Hon. Katherine Polk Failla, U.S.D.J.
June 6, 2019
Page 3

2545439, *3 (E.D.N.Y. May 17, 2010) ("[C]ourts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness."). There are many cases where courts approve settlements of between twenty percent (20%) and forty percent (40%) of the overtime alleged by plaintiffs. *See, e.g.*, *Gervacio v. ARJ Laundry Servs., Inc.,* 2019 WL 330631, *1 (S.D.N.Y. Jan. 25, 2019) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable); *see also Beckert v. Ronirubinov,* 2015 WL 8773460, *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25% of the maximum possible recovery). Here, where Plaintiffs will receive one hundred percent (100%) of their alleged unpaid overtime, they have obtained a very favorable settlement.

Plaintiffs here submit that the settlement in this matter is particularly fair given Defendant's position that, in addition to the defenses identified above, Plaintiffs are not entitled to tolling under the FLSA and, therefore, Plaintiffs' claims are untimely. Moreover, Plaintiffs' counsel has agreed to waive all fees and expenses as a condition of the settlement because we view our services in this matter to be necessary to the fulfilment of our duty of representation to the class in *Fermin*, a case in which we did receive compensation.

In sum, the *bona fide* factual and legal issues in this litigation present risks in continuing this action, and the settlement consideration reflects a reasonable and arms-length resolution of Plaintiffs' claims after extensive settlement negotiations.

**Conclusion**

In full consideration of all the issues, we believe that the parties' proposed agreement is fair and reasonable, and that the settlement should be approved. Thus, the parties jointly, respectfully, request that Your Honor determine the settlement to be fair and reasonable in light of all the risks inherent in litigation and based on the facts in this case in particular.

Upon the Court's approval of the Proposed Settlement Agreement, the parties respectfully request that Your Honor "so-order" the Stipulation of Dismissal with Prejudice submitted herewith.

Respectfully submitted,

/s/ *Matthew L. Berman*
Matthew L. Berman

cc: All counsel *(via email)*